UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARGIE BROWN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>THE COUNTY OF LOS ANGELES DPSS et al.,<br><br>　　　　Defendants. | Case No. CV 20-07404-SB (DFM)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

　　　On August 14, 2020, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. See Dkt. 1. While the Magistrate Judge was screening the Complaint, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Notice of Assignment form was returned as undeliverable. See Dkt. 5. Accordingly, on September 14, 2020, the Magistrate Judge ordered Plaintiff to provide a current address within fourteen (14) days. See Dkt. 9. Plaintiff was also reminded of her obligation to keep the Court apprised of her current address and expressly warned that failure to respond could result in dismissal for lack of prosecution. See id. That order was also returned as undeliverable. See Dkt. 8. Plaintiff has not otherwise filed a change of address or a reply to the Court's orders.

　　　Local Rule 41-6 requires a party representing herself to "keep the Court . . . . apprised of such party's current address and telephone number, if any, and

e-mail address, if any." It allows for dismissal of lawsuits for failure to comply with the rule: "If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Petitioner's failure to keep the Court updated on her mailing address brings this case within the purview of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice that can be overcome only with an affirmative showing of just cause by the petitioner. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. Petitioner has made it impossible for the Court to manage its docket because it has no way to communicate with her, and for that same reason no less drastic sanction is available. Additionally, the Court expressly warned Plaintiff of the need to file an updated address, lest this action be dismissed for failure to prosecute. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the

court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); Although the fourth <u>Carey</u> factor weighs against dismissal—as it always does—together the other factors outweigh the public's interest in disposing of the case on its merits.

    IT IS THEREFORE ORDERED that this action is dismissed with prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute, and because Petitioner has failed to comply with Local Rule 41-6.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: November 23, 2020

_____
STANLEY BLUMENFELD, JR.
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge